**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lynn Stickel, as personal representative for the estate of Robert Stickel,<br><br>    Plaintiff,<br><br>vs.<br><br>Johnny L. Chambers; Natalie A. Chambers; Tatjana Guenther,<br><br>    Defendant. | No. CV 99-2189-PHX-MHM<br><br>**ORDER** |

Presently pending before the Court are two letters from Defendant Tatjana Guenther. The first letter the Court has construed as a Motion to Vacate the Judgment (Doc. 40). The second letter the Court has construed as a Motion to Remove the Case (Doc. 42), however this letter looks like a continuation of Defendant's request to vacate the judgment. Plaintiff has filed a Response. The Court considers the papers submitted and issues the following Order.

## BACKGROUND

This lawsuit was filed on December 14, 1999. Defendant Tatjana Guenther was personally served with a summons and complaint on May 14, 2001. Judgment was entered against all Defendants, including Ms. Guenther on April 5, 2002.

Defendant Guenther's now requests to vacate the judgment based on the following: (1) it is unfair that she has been subject to post-judgment collection efforts in Oklahoma, and

(2) Jeff and Sandy Chrisman, who are not parties to this action, are persons whose character Ms. Guenther questions.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

## DISCUSSION

Initially, the Court notes that Defendant Guenther did not serve the instant Motions on the Plaintiff. This is in direct violation of Rule 5 of the Federal Rules of Civil Procedure. Defendant is directed to serve on the Plaintiff any further documents that she files in this case. Defendant also is warned that failure to serve documents on the Plaintiff will not be looked upon kindly by this Court.

Over five years have passed since entry of judgment in this case. Therefore, pursuant to Rule 60(b), any request to vacate the judgment for reasons (1), (2) or (3) of Rule 60(b) is untimely. Ms. Guenther has not suggested a basis under reason (5) that the judgment has been satisfied, released, or discharged. Thus, Defendant's Motion must be considered under reason (4) that the judgment is void or under reason (6) that other reasons justify relief from the operation of the judgment.

A judgment is void only if the court that rendered the judgment lacked jurisdiction over either the subject matter or the parties, or acted in a manner inconsistent with due

process of law. In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985). Ms. Guenther has made no showing of any facts to suggest that the judgment here is void.

To obtain relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevent or render him unable to prosecute [the case]." Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971). The party must demonstrate both injury and circumstances beyond her control that prevented her from proceeding with the defense of the action in a proper fashion. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Ms. Guenther's primary issue with the judgment seems to be that the judgment from this Court was registered with the United States District Court in Oklahoma pursuant to 28 U.S.C. § 1963. Ms. Guenther also takes issue with the alleged post judgment conduct by persons who are not parties to this lawsuit. Ms. Guenther states that the reason she did not file any sort of responsive pleading in this case was because she had just moved "out of" Tulsa, Oklahoma and was "going on a missionary trip out of the country and firmly believe that [she] was innocent. . ." Def.'s March 26, 2007 Letter to the Court. These assertions are not grounds for vacating the Court's judgment under Rule 60(b)(6). Defendant has not demonstrated injury and circumstances beyond her control that prevented her from proceeding with the defense of this action. Accordingly, Defendant's Motion to Vacate the Judgment is denied.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's letter construed as a Motion to Vacate the Judgment (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that Defendant's letter construed as a Motion to Remove the Case (Doc. 42) is denied.

DATED this 10th day of July, 2007.

Mary H. Murguia
United States District Judge